IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY UHLES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-01102 |
| | ) | |
| GLENN FUNK, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff James Anthony Uhles, Jr., a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc. No. 1.) The complaint is before the Court for initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.     Pauper Status**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). While Plaintiff failed to file a proper application to proceed *in forma pauperis* (IFP), he attached to his complaint a printout showing a zero balance in his inmate trust account. (Doc. No. 1 at 8.) This printout was also submitted in a case Plaintiff filed as a pauper in this Court just three months prior to the instant case, as was an affidavit of poverty and the certification of his zero balance by the account custodian in the Davidson County Sheriff's Office. *Uhles v. Housel, et al.*, No. 3:18-cv-00622 (M.D. Tenn.) (Doc. No. 6). The Court takes judicial notice of the affidavit and certification filed in Plaintiff's prior case, and likewise **GRANTS** Plaintiff permission to proceed as a pauper in the case at bar.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.     Initial Review of the Complaint

### A.     PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a

governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.    Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution

3

or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### C. Allegations and Claims

The following allegations are contained in Plaintiff's complaint (Doc. No. 1) and a supplement to that complaint (Doc. No. 3). Plaintiff alleges that on August 6, 2017, he was arrested on charges of aggravated assault and aggravated assault by strangulation. (Doc. No. 1 at 5.) He alleges that the original police report "states the victims boyfriend W/M 50 y.o. 140 pounds w/ blue eyes," while Plaintiff is 40 years old and 180 pounds with brown eyes. (*Id.*) He also alleges that the arresting officers said they had a warrant for his arrest, and that the warrant contained the same, inaccurate description of him reflected in the original police report. (Doc. No. 3 at 1.) He claims that he was wrongfully arrested, and that the police covered the matter up by claiming that their original report had been lost. (Doc. No. 1 at 5.) Plaintiff alleges that the report was rewritten days later, and that the rewritten report is missing information but contains an accurate physical description of him. (*Id.*) He also alleges that the rewritten report is dated August 11, 2017, and that it reflects that an emergency call was received and police were dispatched on that date. But Plaintiff alleges that he was in jail on that date so could not have committed the crime he is accused of in the report. (*Id.*; Doc. No. 3 at 2.) Plaintiff claims that the report is a fabrication and that he is being detained unlawfully, without probable cause. (Doc. No. 1 at 5.)

Plaintiff sues District Attorney Glenn Funk and police officer Emily Mulready in their official capacity. (*Id.* at 1, 2.) As relief, Plaintiff seeks damages of $3,000 per day for every day he is detained; $180 per day for every day of lost wages; $800,000 for mental anguish; and

4

$6,000,000 for the fraud committed against him. (*Id.* at 6.) He further asks for Defendants to be charged criminally. (*Id.*)

**D. Analysis**

In suing the District Attorney and a police officer in their official capacity, Plaintiff has effectively sued their employer, the municipal government of Nashville and Davidson County. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). While counties and other municipal defendants are "persons" subject to suit under Section 1983, municipal liability may only be established if the plaintiff's harm is alleged to have been caused by the execution of an official policy or custom of the municipality, rather than simply the misdeeds of municipal employees. *Id.* at 814–15. In other words, "[a] plaintiff seeking to impose liability under § 1983 must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged," such that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Burns v. Robertson Cnty.*, 192 F. Supp. 3d 909, 920 (M.D. Tenn. 2016) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted). Plaintiff fails to allege that the harm he suffered was caused by the execution of a municipal policy or custom.

Even if Defendant Funk had been sued in his individual capacity, he would be immune from liability for prosecuting the charges against Plaintiff. Prosecutors enjoy absolute immunity from suit under Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). Plaintiff does not allege that Defendant Funk acted outside the scope of his official duties in proceeding against him. At best, he alleges that Funk performed his prosecutorial function in a fraudulent or wrongful way. However, the immunity afforded to prosecutors is not defeated

by allegations that such officials acted maliciously or corruptly, as it is in the public interest that these officials be able to perform their functions without fear of consequences, even when their motives in performing such functions are questioned. *Imbler*, 424 U.S. at 427–28.

As for Defendant Mulready, even if she had been named in her individual capacity based on some association with the allegedly fabricated police report, Plaintiff would still fail to state a viable claim against her under Section 1983. The Sixth Circuit recognizes a "claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). This claim "remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process." *Id.* To succeed on such a claim, the plaintiff must establish, e.g., that the criminal proceeding was resolved in the plaintiff's favor. *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014); *Taylor v. Terry*, No. 3:15-cv-0794, 2015 WL 5008782, at *3 (M.D. Tenn. Aug. 19, 2015). Because Plaintiff has not alleged the favorable termination of the criminal proceeding against him, he fails to state a malicious prosecution claim under Section 1983. *See Thorp v. D.C.*, 142 F. Supp. 3d 132, 146–47 (D.D.C. 2015) (citing weight of circuit-court authority to support dismissal of Section 1983 malicious prosecution claim where plaintiff did not sufficiently allege termination of criminal proceedings in his favor).

Finally, no individual-capacity claim based on an improper arrest warrant could be successfully asserted against Mulready. A claim of false arrest or imprisonment under Section 1983 is only properly asserted against the arresting officer. *Robertson*, 753 F.3d at 618. Defendant Mulready is not alleged to have procured or executed the warrant for Plaintiff's arrest. Indeed, other than being named as a defendant at the outset of the original and supplemental complaints (Doc. No. 1 at 1, 2; Doc. No. 3 at 1), Mulready is not elsewhere mentioned in Plaintiff's pleading.

The Court cannot construe the complaint as asserting any proper individual-capacity claim against her.

## III. Conclusion

For the reasons given above, this action is **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Order constitutes the final judgment in this action pursuant to Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE